_____

No. 95-2491
_____

United States of America,           *
                                     *
          Appellee,                  *
                                     *   Appeal from the United States
     v.                              *   District Court for the
                                     *   Eastern District of Missouri.
Roman F. Siqueiros, also known       *
as Silverado,                        *          [UNPUBLISHED]
                                     *
          Appellant.                 *


_____

          Submitted:  December 7, 1995

              Filed:  December 18, 1995
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Roman F. Siqueiros challenges the 100-month sentence imposed by the
district court[1] after he pleaded guilty to conspiracy to distribute and to
possess with intent to distribute marijuana and cocaine, in violation of
21 U.S.C. §§ 841(a) and 846.  We affirm.

     For sentencing purposes, Siqueiros stipulated he managed or
supervised at least five individuals engaged in criminal activity, within
the meaning of U.S.S.G. § 3B1.1.  On appeal, Siqueiros argues the district
court erred in imposing an aggravating-role enhancement, as he did not
profit from his criminal activity and thus the enhancement conflicts with
commentary to section 3B1.1.

_____

     [1]The Honorable Stephen N. Limbaugh, United States District
Judge for the Eastern District of Missouri.

We review for clear error the district court's factual finding of Siqueiros's role in the offense. <u>See</u> <u>United States v. Skorniak</u>, 59 F.3d 750, 757 (8th Cir. 1995), <u>cert.</u> <u>denied</u>, 64 U.S.L.W. 3348 (U.S. Nov. 13, 1995). Notwithstanding that "persons who exercise a supervisory or managerial role . . . [may] tend to profit more from it," the enhancement "is included primarily because of concerns about relative responsibility." U.S.S.G. § 3B1.1, comment. (backg'd). The fact that Siqueiros may not have profited from his activity does not preclude application of the enhancement; profit is only one factor the district court should consider. <u>Cf.</u> <u>United States v. Farah</u>, 991 F.2d 1065, 1070 (2d Cir. 1993) (Sentencing Commission relegated profit factor to "no better than secondary importance" for purposes of determining defendant's aggravating role). Siqueiros's offense conduct--as described in his presentence report--adequately supports the conclusion that he managed or supervised criminal activity involving at least five participants. <u>See</u> U.S.S.G. § 3B1.1(b). We conclude the district court did not clearly err in applying the enhancement.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-